39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold E. STEELE; Don Peterson; Rev. David Maynard;
Harmon Wray; Rev. Tom Baker, Jr.; and Americans
for Religious Liberty, Plaintiffs-Appellees,
v.
INDUSTRIAL DEVELOPMENT BOARD OF METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY; Metropolitan Government of
Nashville and Davidson County; David Lipscomb University;
Sovran Bank; and Sovran Bank/Tennessee, Defendants-Appellants.
 No. 93-5350.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1994.
 
 Before: JONES, NORRIS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This interlocutory appeal presents a single issue for our resolution: whether the individual plaintiffs have standing to challenge the issuance of tax-exempt educational revenue bonds to defendant David Lipscomb University, a concededly sectarian institution run by the Church of Christ in Nashville, Tennessee. The district court held that the plaintiffs have standing to sue as municipal taxpayers and therefore denied the defendants' motion for summary judgment. We conclude that the record supports this result and affirm.
 
 
 2
 In a well-stated and well-reasoned memorandum opinion, the district court determined, correctly, that the standing issue in this case is controlled by this court's opinion in Hawley v. City of Cleveland, 773 F.2d 736 (6th Cir.1985), cert. denied, 475 U.S. 1047 (1986). In Hawley, we held that municipal taxpayers had standing to raise an Establishment Clause challenge to city policies that effect the city's fisc, even though no tax dollars would be expended directly on the project in issue. The Hawley plaintiffs, suing as municipal taxpayers, claimed that the city had leased space to the Catholic Diocese of Cleveland to establish and maintain a chapel in the Cleveland airport at substantially less than the market value of the space, resulting in a loss of revenue to the city's general fund. We held in Hawley that this allegation was sufficient to "give [plaintiffs] standing as municipal taxpayers to defend the public treasury." Id. at 741.
 
 
 3
 Here, the district court concluded that "[t]he issuance of tax-exempt bonds to the University will reduce the revenue flowing from the Metropolitan Government's coffers since otherwise, the University would have turned to taxable means to fund the project." On appeal, as below, the defendants claim that without the lower interest rates resulting from tax-exemption, the University could not have afforded to go forward with plans for a $32 million expansion of the Nashville campus. But the district court found that "plaintiffs have put forth enough evidence to establish the likely chance that the University would have financed at least part of the expansion through a taxable vehicle," especially in light of testimony by the University's chief fiscal officer concerning pressure by the University's accreditors to build a new library and student center. The district judge concluded, based on the record as a whole, that the plaintiffs had established standing under Hawley to bring suit as municipal taxpayers.
 
 
 4
 The district court also relied on Hunt v. McNair, 413 U.S. 734 (1973), in which the Supreme Court invalidated a South Carolina law permitting the issuance of industrial revenue bonds "to assist institutions of higher education in the construction, financing and refinancing of projects" to the extent that it permitted issuance of such bonds on behalf of a religious college. As in this case, the bonds in Hunt v. McNair were tax-exempt and did not constitute an obligation on the part of the state either directly or indirectly. The Court nevertheless described the bond issue as "state aid" of "a very special sort." Id. at 745 n. 7. Although the standing of the plaintiffs in Hunt v. McNair was not litigated as such, the Supreme Court has, in subsequent cases, cited to Hunt as a basis for finding standing. See, e.g., School District of Grand Rapids v. Ball, 473 U.S. 373, 380 N. 5 (1985), and Bowen v. Kendrick, 487 U.S. 589, 619 (1988).
 
 
 5
 Based on the findings of fact and legal reasoning employed by the district court in its memorandum opinions of July 16, 1992, and November 16, 1992 (on motion to reconsider), we AFFIRM the district court's order denying summary judgment to the defendants, and REMAND the case for further proceedings.